OWEN SMITH V. HENRY MILLER ET AL.

LANDLORD NOT LIABLE FOR INJURIES FROM TENANT'S SIGN FALLING.

A landlord in the absence of a contract restraining the use of signs by a tenant is not liable for injuries resulting from the falling thereof. Hence, in an action against the landlord for injuries to a pedestrian on the sidewalk in front of the building, in the absence of evidence that defendant owned or controlled the building or was bound for repairs, directing a verdict for defendant is not error.

[Syllabus approved by the court.]

ERROR to Franklin common pleas court.

Several years ago Samuel Huston owned a business building at No. 80 N. High street, Columbus, Ohio. He rented certain front rooms, on the second floor of said building, to E. C. Orebaugh for the purpose of a real estate office, reserving no control over these rooms. Orebaugh sublet desk room in his office to one, D. B. Hills, an insurance agent,

Franklin County.

who had a sign erected on the front part of his office under the window, and on the sign was printed the word, "Insurance." This sign board was several feet long and twelve or fifteen inches wide. On January 11, 1903, Samuel Huston sold this building to James T. Miller. The sign was on the building at that time and was fastened to the wall. Mr. Orebaugh continued as a tenant of said rooms under an annual lease.

On or about December 25, 1904, during a heavy wind storm, this sign belonging to Hills, was torn lose from its fastening and fell to the street. In falling it struck Owen Smith.

Afterwards, on March 15, 1905, Smith brought an action against Henry Miller to recover $10,000 damage for injuries reviewed from the falling of the sign. On March 13, 1907, he filed an amended petition and brought into the case James T. Miller.

On October 18, 1907, the case came on for trial, and at the close of the plaintiff's testimony the court, on motion, directed the jury to bring in a verdict for defendants, dismissed plaintiff's petition at his costs, and the cause is here on petition in error, to reverse that judgment.

**Earnhart & Bates**, for plaintiff in error:

Cited and commented upon the following authorities: Dillon, Mun. Corp. Sec. 1032; *First Nat. Bank* v. *Gillen*, 17 Circ. Dec. 609 (7 N. S. 33); affirmed, no report, *First Nat. Bank* v. *Gillen*, 73 Ohio St. 394; *Gray* v. *Gas-Light Co.* 114 Mass. 149 [19 Am. Rep. 324]; *Salisbury* v. *Herchenroder*, 106 Mass. 458 [8 Am. Rep. 354]; Wharton, Negligence 633, Sec. 817.

**M. E. Thrailkill**, for defendants in error:

Cited and commented upon the following authorities: *Shindelbeck* v. *Moon*, 32 Ohio St. 264 [30 Am. Rep. 584]; *Edwards* v. *Rissler*, 16 Circ. Dec. 428 (5 N. S. 44); *Burdick* v. *Cheadle*, 26 Ohio St. 393 [20 Am. Rep. 767]; *Bailey* v. *Gas Co.* 2 Circ. Dec. 656 (4 R. 471); *Schwalbach* v. *Shinkle*, 42 Bull. 170; *Percell* v. *English*, 10 Bull. 143; 18 Am. & Eng. Enc. Law 240; Thomas, Negligence 710.

**SULLIVAN, J.**

Plaintiff in error contends he was prejudiced by the courts below in sustaining the motion of the defendants in error to direct a verdict in their favor, at the conclusion of the testimony introduced by him in support of the averments of his petition. Judgment for defendants' costs was entered up against plaintiff in error, and these proceedings are brought to reverse said judgment.

### Smith v. Miller.

The action was brought by plaintiff in error to recover damages for injuries resulting from the defendants' negligence.

The acts of negligence set forth in the petition are that the defendants, being owners and controlling a certain building fronting and abutting upon High street in the city of Columbus, some five years prior to the injuries to plaintiff, caused to be erected upon the front of said building upon the third story and about thirty feet above the sidewalk in front of said premises a wooden sign twenty-four feet long by two wide and one inch in thickness; that during all of said period it remained on said building in the position described; that in its original construction or by lapse of years it became dangerous and unsafe to persons in the lawful use of the sidewalk immediately thereunder; that the defendants knew or by the exercise of ordinary care could have known of its dangerous condition, and plaintiff did not have such knowledge; that on or about the twenty-sixth day of December, while plaintiff was walking upon the sidewalk below and immediately in front of said building, said sign suddenly gave way and fell upon plaintiff, causing the injuries of which he complains.

The answer of the defendants is a general denial putting in issue all averments of the petition necessary to be proven to entitle plaintiff to recover.

Whether the defendants were the owners or in control of the building when the accident occurred was by this answer made an issuable fact. We do not find any testimony in the bill of exceptions to sustain this averment of the petition.

Neither does the bill contain any testimony showing or tending to show that the method of attaching the sign to the building was faulty. The fact disclosed by the testimony that it had been there for several years prior to the accident would furnish a fair inference, at least, that there was no negligence on the part of any one in that respect. Aside from the fact of the sign falling, there is no testimony that in course of time the appliances attaching it to the building had become loosened, and no longer able to sustain the weight or that they gave way and the sign fell. This, however, was a mere inference in support of the claim that some one at least was negligent in not seeing that the sign in its position was maintained in a safe condition. Who would be liable for injuries resulting from such negligence as a matter of law, we think fully settled by the law of this state. It is upon the party in possession and control of the building at the time.

In the absence of a contract to that effect the landlord is not bound for repairs. This obligation rests upon the lessee in such a case. If

the defect which caused the accident occurred during the occupancy and control by the lessee then the landlord would not be liable. Here, in the first place, there is no testimony showing that the defendants were the owners at the time, or had any control over the building, and if either owned it, there is no testimony showing or tending to show they were bound for repairs. This being the state of the record, we are therefore of the opinion that plaintiff in error was not prejudiced by the court below directing a verdict for defendants and entering judgment against plaintiff for costs. The judgment is therefore affirmed at costs of plaintiff in error.

**Dustin** and **Allread, JJ.,** concur.

## LANDLORD AND TENANT.